Conway B, J. The trustees of the bank filed their bill of complaint against the defendants alone on a note for $4,000, made to' the bank by Wharton Rector as principal and defendants as sureties. The bill alleged, among other things, that Rector had departed this life insolvent leaving the note wholly unpaid. Defendants demurred to the bill and assigned as cause the omission to make the legal representatives of Rector a party. The demurrer was sustained, and complainants declining to amend,-their bill was dismissed and an appeal granted them. The only question presented by counsel, is, whether the allegation in the bill that Rector had died insolvent, superseded the-necessity of making his legal representatives a party to the suit. The rule is that the complainant suing on a joint and several note-must bring forward all the makers of it, that the court may be enabled to do complete justice in the case. But this is a general-rule established for the convenient administration of justice and there are exceptions to it. If, for instance, it be alleged in the bill that any of the makers of the note are out of the jurisdiction of the court, dead or insolvent, they may be omitted, but an allegation of simple insolvency will not excuse the omission ; especially of the principal in the note. For a man may be insolvent and yet able to pay a considerable proportion of his debts. To justify the leaving out of the principal it must appear that he is so destitute of all property that no valuable portion of the debt could be made out of his estate.For equity regards securities as mere guarantors of the principal’s ability to pay the debt and requires the creditor to obtain as much-of his money from the principal debtor as practicable and to hold* the sureties responsible only to the extent of the principal’s inability. 2 Term. R. 127. 3 Atk. 406, Madox vs. Jackson. 3 Swanst. R. 147, Augustein vs. Clarke. 16 Ves. Ch. R. 326, Cockburn vs. Thompson. 2 Story's Eq. 741-2. 2 Mad. Ch. 193. There is another question arising in this case which we deem it our duty to notice. The appellants sued in the court below, as Trustees of the Real Estate Bank, and as such now prosecute this appeal. The deed by which they claim to have been constituted the trustees, was executed the 2d of April 1842, and contains the following clauses: “ And it is further declared and agreed by and between the parties hereto that at the expiration of two years from the date of these presents the said trustees or a majority of them shall meet at Little Rock on a day to be fixed by said Executive Board, and there elect five of their own number who shall thereafter be sole trustees” &c. “ And finally that all of the grants hereby made to, the powers vested in, and privileges conferred upon said trustees shall at the expiration of two years from the date of these presents enure, pass to, and vest absolutely, fully and completely in said residuary trustees alone.” From the terms of the deed therefore it clearly appears that all of the grants, powers and privileges conferred upon appellants as Trustees of the Real Estate Bank have long since passed entirely from them and vested wholly in their appointed successors. Decree affirmed,-